# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ERNESTO RIVERA,**

    Plaintiff,

  v.                                                 Case No. 19-CV-264

**WILLIAM B. KELLEY,**

    Defendant.

## ORDER

The Prison Litigation Reform Act (PLRA) applies to this case because plaintiff Ernesto Rivera was incarcerated when he filed his complaint. Under the PLRA, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

According to the Supreme Court, exhaustion of administrative remedies must be done "properly" because "no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). To properly exhaust administrative remedies, prisoners must file their inmate complaints and appeals in the place, at the time, and in the

manner that the institution's administrative rules require. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).

However, a prisoner is not required to exhaust the administrative remedies if those remedies are not "available." *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Administrative remedies will be deemed "unavailable" when prison officials do not respond to a properly filed inmate complaint or when they prevent a prisoner from exhausting through affirmative misconduct, such as denying a prisoner necessary forms, destroying a prisoner's submissions, or requiring steps not mandated by regulation or rule. *See Smith v. Buss*, F. App'x 253, 255 (7th Cir. 2010); *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008); *Kaba*, 458 F.3d at 684; *Dale v. Lappin*, 376 F.3d 739, 742 (7th Cir. 2004); *Strong v. David*, 297 F.3d 646, 649-50 (7th Cir. 2002).

On April 12, 2019, defendant Dr. William Kelley moved for summary judgment on the basis that Rivera did not exhaust the available administrative remedies before he initiated this case. Dr. Kelley asserts that Rivera failed to timely file an inmate complaint that complied with the DOC's rules. (ECF No. 12 at 5.) He asserts that the incident at issue occurred on June 27, 2018; however, Rivera did not file his inmate complaint until twenty days later on July 17, 2018. (*Id.*)

Rivera disputes Dr. Kelley's characterization. He explains that he submitted his first inmate complaint on July 2, 2018, five days after the incident at issue. (ECF No. 17-1 at 1.) On July 10, 2018, the inmate complaint examiner sent Rivera two letters explaining that she would not accept his submission. (*Id.* at 5-6.) One of the letters told Rivera to first contact the health services unit manager in an attempt to

2

informally resolve the issue. The other letter explained to Rivera that he had submitted his inmate complaint on an outdated form; the correct form was enclosed with the letter.

That same day, Rivera submitted an interview request form to the health services unit manager in an attempt to informally resolve his issue. (ECF No. 17-1 at 8-9.) Rivera received a response on July 16, 2018. (*Id.* at 9.) The next day, on July 17, 2018, Rivera submitted a second inmate complaint on the correct form. (*Id.* at 11.) The inmate complaint examiner rejected Rivera's second inmate complaint on July 23, 2018, because Rivera submitted it more than fourteen days after the occurrence giving rise to the complaint. (*Id.* at 16.)

Wis. Admin. Code § DOC 310.10 outlines the procedures by which inmate complaint examiners review and process inmate complaints. Wis. Admin. Code § DOC 310.10(5) allows an inmate complaint examiner to return an inmate complaint to an inmate if the inmate fails to satisfy certain requirements, including failing to attempt to informally resolve the issue before filing his complaint or failing to use the correct complaint form. *See* Wis. Admin. Code § DOC 310.10(5); 310.07(1); 310.07(3)(a). If a complaint examiner returns an inmate complaint for one of those reasons, the inmate "shall be given one opportunity to correct and resubmit [the] returned complaint." Wis. Admin. Code § DOC 310.10(5). Inmates are allowed ten days to submit a corrected inmate complaint. *Id.*

The inmate complaint examiner returned Rivera's first inmate complaint on July 10, 2018. (ECF No. 17-1 at 5-6.) Seven days later, on July 17, 2018, Rivera

3

submitted his second inmate complaint. (*Id.* at 11.) Rivera's second inmate complaint corrected the problems the inmate complaint examiner identified in her two return letters. Because Rivera filed his second inmate complaint within ten days of receiving the inmate complaint examiner's return letters, there was no basis for her to reject Rivera's second inmate complaint as untimely. *See* Wis. Admin. Code § DOC 310.10(5). "Prison officials may not take unfair advantage of the exhaustion requirement, and a remedy becomes unavailable if prison employees do not respond to a properly filed grievance . . . ." *Kaba*, 458 F.3d at 684 (citations and internal quotations omitted).

Accordingly, the court finds that the administrative remedies were unavailable to Rivera and will deny the defendant's motion for summary judgment on exhaustion grounds.

**IT IS THEREFORE ORDERED** that the defendant's motion for summary judgment (ECF No. 11) is **DENIED**.

Dated in Milwaukee, Wisconsin this 26th day of June, 2019.

BY THE COURT:

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge